IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHNNY TIRADO, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: <u>24av-99999</u> |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| DENIS R. McDONOUGH, ) | |
| Secretary of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Comes now the Plaintiff, Johnny Tirado, by and through undersigned counsel, alleges and says unto this Honorable Court the following:

### Introduction

1. This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for discrimination, violation of the 1964 Civil Rights Act, Title VII; the 1991 Civil Rights Act, as amended, and 42 USCA 1981, as amended.

### Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 USC 1343, *et seq.*, 42 USCA 2000 *et seq.* and a Notice of Final Agency Decision (FAD) was issued by the Department of Veterans Affairs on April 23, 2024, and received by the Plaintiff on or about April 24, 2024.

3.  Compensatory and punitive damages are sought pursuant to the 1991 Civil Rights Act, *et seq*. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said act.

4.  Furthermore, the Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and all other applicable attorney fees statutes.

5.  The venue for this action lies in the Charleston Division of the United States District for the District of South Carolina because the Plaintiff, at the time of the operative facts giving rise to this cause of action, resided in the County of Dorchester, State of South Carolina. Further, the Defendant, Denis R. McDonough, the Secretary of Veterans Affairs for the United States of America and pursuant to the Notice of Final Action, must be named as the Defendant in this matter.

## Parties

6.  The Plaintiff is a male American citizen of Puerto Rican and/or Hispanic origin and at the time of the operative facts giving rise to this cause of action, the former resided in the County of Dorchester, State of South Carolina.

7.  The Plaintiff has exhausted all administrative remedies as is evidenced by the issuance of a Notice of Final Agency Decision issued by the Agency on April 23, 2024.

**Facts**

8. Plaintiff was employed by the Department of Veterans Affairs, Ralph H. Johnson VA Medical Center facility on or about July 5, 2022, as a Nurse Manager. The Plaintiff was terminated on July 28, 2023, during his probationary period.

9. Plaintiff asserts that at all times relevant herein Hope Sloan was an agent, servant, and employee of the Defendant's agency and the Plaintiff's second-line supervisor. At all times relevant herein, Tammy Sullivan was an agent, servant, and employee of the Defendant's agency and the first-line supervisor of the Plaintiff.

10. Further, Plaintiff asserts that at all times herein, the Defendant knew, or with the exercise of reasonable diligence and care, should have known that senior-level management and Caucasian supervisory officials exhibited a history of conduct against minorities as opposed to white employees at the Ralph H. Johnson VA Medical Center (RHJVAMC).

11. During the Plaintiff's entire tenure of employment at the Defendant's Ralph H. Johnson Medical Center facility, he complained of discrimination against fellow minority employees by management officials because of their race and/or national origin.

12. Plaintiff was tasked with conducting an investigation, in part, of race discrimination by an employee named Ray Orvin. After completion of the investigation, Plaintiff recommended that Mr. Orvin be terminated because of blatant racial discrimination against a female African-American employee. A Caucasian Management refused to terminate Mr. Orvin but instead recommended that he be re-trained. The

Plaintiff complained that the reason Mr. Orvin was not terminated was because he was white. Management became displeased with the Plaintiff's complaints.

13.     The Plaintiff was informed by his first-line supervisor that management had targeted him for termination because of his participation in the hereinabove-mentioned EEO activity. For example, the Plaintiff's first-line supervisor explained to him that the main issue he was having with management was that the latter was Puerto Rican.

14.     The Plaintiff's first-line supervisor also informed him of multiple discriminatory remarks being made by his second-line supervisor about his ethnicity and/or national origin.

15.     Plaintiff's second-line supervisor specifically said, *"You know how Puerto Rican men are. Puerto Rican men are full of machismo and confrontational. Puerto Rican men have problems taking orders from women in authority."* During one of those many conversations about Puerto Rican men, a reference was made to another man of Puerto Rican descent, Daniel Costa-Mundo also having problems with women in authority. Plaintiff is informed and believes that Mr. Costa-Mundo was transferred to another hospital facility because of the continued harassment because of his race and/or national origin levied against him by Hope Sloan and others.

16.     When Plaintiff's first-line supervisor went on vacation or leave, the second-line supervisor and others would try to force Plaintiff to violate hospital policies and directives regarding the patients in the unit that Plaintiff was in charge of.

17.     On or before July 28, 2023, Hope Sloan and/or other senior-level RHJVAMC officials, initiated or caused to be initiated, a Summary Probationary Review

4

and Convening of Nursing Professional Standards Board for the specific purpose of having the Plaintiff terminated.

18.     That subsequent to a hearing, the Plaintiff was terminated by the Defendant solely because of his race, national origin, and ethnicity.

## FOR A FIRST CAUSE OF ACTION
### (Race Discrimination)

19.     The Plaintiff realleges each and every allegation set forth hereinabove as if repeated verbatim.

20.     The Plaintiff alleges that the Defendant's conduct towards the latter, by and through Hope Sloan and other supervisory personnel at the Ralph H. Johnson VA Medical Center discriminated against the Plaintiff because of his race, in violation of Title VII of the 1964 Civil Rights Act (42 USCA 2000, *et seq.*), and the 1991 Civil Rights Act, as amended.

21.     As a result of the unlawful violation and/or discrimination against the Plaintiff by the Defendant, because of the former's race, Plaintiff suffered damages, both punitive, if applicable, and actual, in an amount to be proven at trial.

## FOR A SECOND CAUSE OF ACTION
### (National Origin)

22.     The Plaintiff realleges each and every allegation set forth hereinabove as if repeated verbatim.

23.     The Plaintiff alleges that the Defendant's conduct towards the latter, by and through Hope Sloan, as well as other supervisory personnel at the Ralph H. Johnson

VA Medical Center, discriminated against the Plaintiff because of his national origin, in violation of Title VII of the 1964 Civil Rights Act (42 USCA 2000, *et seq.*), and the 1991 Civil Rights Act, as amended.

24. As a result of the unlawful violation and/or discrimination against the Plaintiff by the Defendant, because of the former's national origin, Plaintiff suffered damages, both punitive, if applicable, and actual, in an amount to be proven at trial.

## FOR A THIRD CAUSE OF ACTION
### (Retaliation)

25. The Plaintiff realleges each and every allegation set forth hereinabove as if repeated verbatim.

26. The Plaintiff alleges that the Defendant's conduct towards the latter, by and through Hope Sloan, as well as other supervisory personnel at the Ralph H. Johnson VA Medical Center, discriminated against the Plaintiff was the result of the Plaintiff complaining about the treatment he was receiving at the hands of Hope Sloan because of his national origin, race, and/or ethnicity in violation of Title VII of the 1964 Civil Rights Act (42 USCA 2000, *et seq.*), and the 1991 Civil Rights Act, as amended.

27. As a result of the unlawful violation and/or discrimination against the Plaintiff by the Defendant, because of the former's national origin, race, and/or ethnicity, Plaintiff suffered damages, both punitive, if applicable, and actual, in an amount to be proven at trial.

**FOR A FOURTH CAUSE OF ACTION**
**(Pattern and Practice of Discrimination and/or**
**Disparate Treatment)**

28.  The Plaintiff realleges and reincorporates each and every allegation hereinabove set out.

29.  Plaintiff asserts that the Defendant, by and through its agent and/or servant, Hope Sloan, has engaged in a course of conduct that constitutes a pattern, practice, and policy of discrimination and/or disparate treatment against minorities in general and the Plaintiff in particular in regards to termination.

30.  As a result of the unlawful violation and/or discrimination against the Plaintiff by the Defendant, in the pattern, practice, and policy of discrimination and/or disparate treatment against minorities in general and this Plaintiff in particular regarding termination, Plaintiff suffered damages, both punitive, if applicable, and actual, in an amount to be proven at trial.

**FOR A FIFTH CAUSE OF ACTION**
**(Disparate Treatment Because of National Origin)**

31.  The Plaintiff realleges and reincorporates each and every allegation hereinabove set out.

32.  Plaintiff asserts that the Defendant, by and through its agent and/or servant, Hope Sloan, has engaged in a course of conduct that constitutes a pattern, practice, and policy of discrimination and/or disparate treatment against minorities in general and the Plaintiff in particular in regards to termination.

33. As a result of the unlawful violation and/or discrimination against the Plaintiff by the Defendant, in the pattern, practice, and policy of discrimination and/or disparate treatment against minorities in general and this Plaintiff in particular regarding termination, Plaintiff suffered damages, both punitive, if applicable, and actual, in an amount to be proven at trial.

## FOR A SIXTH CAUSE OF ACTION
### (Harassment)

34. The Plaintiff realleges and reincorporates each and every allegation hereinabove set out.

35. Plaintiff asserts that the Defendant, by and through its agent and/or servant, Hope Sloan, engaged in a repeated course of conduct designed to harass the Plaintiff by way of verbal insults and some personal slurs, among other things, and that the hereinabove mentioned events were repetitive and significantly severe such that it affected the terms, privilege, and condition of the Plaintiff's employment and/or work performance.

36. Plaintiff further asserts that the hereinabove-mentioned conduct by Hope Sloan was engaged in for the specific purpose of creating and intimidating a hostile and offensive work environment, all in violation of Title VII of the 1964 Civil Rights Act and causing the Plaintiff damages in an amount to be proven at trial.

      **WHEREFORE**, Plaintiff prays for damages as follows:

      Compensatory damages, loss wages, and benefits;

      Punitive damages, if applicable, in an amount to be proven at trial;

Attorney's fees and costs for this suit pursuant to the 1976 Civil Rights Attorney's Fees Act and/or 42 U.S.C. §2000e-5(k), *et seq.*;

Prejudgment interest on all claims;

Injunctive relief;

That the Defendant be ordered to compensate, reimburse, and make whole the Plaintiff, including but not limited to, back pay, front pay with interest, benefits, training and/or promotion and seniority;

And for such other relief as this Court may deem just, equitable, and proper

BY:   s/*Edward M. Brown, Esquire*
        EDWARD M. BROWN, ESQUIRE
        Attorney for the Plaintiff
        Federal I. D. No. 1510
        P. O. Box 20261
        Charleston, SC  29413
        (843) 559-9224
        (843) 559-9226 (Fax)

Charleston, South Carolina

Dated:  July 22, 2024